United States Courts
Southern District of Texas
FILED

JUL 1 2 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 66 § § § § | H-05 2411 |
| VS. § § | CIVIL ACTION NO. _____ |
| CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC (RELIANT ENERGY HL&P) § § § | |

### COMPLAINT TO VACATE ARBITRATION AWARD

Plaintiff, **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 66,** complains against **CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC (RELIANT ENERGY HL&P)**, and respectfully requests that the Court vacate portions of an arbitration award that exceeded the authority conferred upon the arbitrator, as follows:

#### Nature of Action

1. Plaintiff brings this action pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 20 U.S.C. § 185, to vacate, set aside, and declare null and void a labor arbitration award rendered by Arbitrator M. J. Fox, Jr., as noted below.

#### Parties

2. **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 66** ("Local 66" or the "Union") is an unincorporated association and a labor organization within the meaning of the LMRA, 29 U.S.C. §§ 142(3), 152(5).

3. **CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC (RELIANT ENERGY HL&P)** ("Centerpoint" or the "Company") is an employer within the meaning of the LMRA,

29 U.S.C. §§ 142(3), 152(2), incorporated under the laws of the state of Texas. The Company owns, operates, and maintains more than 40,000 miles of transmission and distribution lines in order to deliver electric power from generating facilities to consumers in the greater Houston area.

4. **CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC (RELIANT ENERGY HL&P)** may be served with process through its registered agent, HUGH RICE KELLY, at 1111 Louisiana , Houston, TX 77002

5. The Company and Union entered into a collective bargaining agreement ("Agreement" or "CBA") that became effective on or about May 26, 2000 and expired on or about May 25, 2003. It was under the provisions of this particular CBA the instant grievance arose.

## Jurisdiction and Venue

6. This case arises under 29 U.S.C. §185. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. §185(c)(2).

7. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 185(a) and (c).

## Background

8. The CBA contains written grievance and arbitration procedures.

9. The CBA's arbitration procedure provides, in part, that the Union may request arbitration "in the event the Union is dissatisfied with the decision of the President or his representative on the grievance, it may invoke arbitration of said grievance by giving the Company written notice, within not more then ten (10) days from the date of the aforesaid decision, of a desire

to arbitrate the grievance and request the Federal Mediation and Conciliation Service to submit a list of five (5) persons, competent to serve as neutral arbitrators." (CBA, Art. 16, Sec. 4, at p. 27, attached as Exhibit #1 to this Complaint).

10. The CBA further provides that the decision of the arbitrator "will be final and binding upon both parties." (*id.*, Art.16, Sec. 43, at p. 27).

11. However, the CBA states that "the sole function of the arbitrator shall be to determine whether Company or Union is correct with reference to the proper application and interpretation of this Agreement and the arbitrator shall not have any authority to change, amend, modify, supplement or otherwise alter in any respect whatsoever this Agreement, or any part thereof."(*id.*, Art. 16, Sec. 4, at p. 27).

12. The Union under the CBA filed a grievance challenging the Company's decision to terminate the employment of Grievant, Roderick Peavy, on January 27, 2003. The Union also questioned the Company's decision to reduce Mr. Peavy's pay to that of a transitional helper rather than that of Journeyman Lineman. Additionally, the Union challenged the Company's decision to deny Mr. Peavy longevity pay which provides that in the event a permanent Head Journeyman is demoted and replaced at the Company's discretion, he will retain the rate he was receiving as Head Journeyman for a period of time equal to one (1) month for each full year of his service as a Head Journeyman up to a maximum of twelve (12) months of rate retention."

13. Article 6 Section 2 of the CBA requires the Company to employ those who complete the Apprenticeship Program as Journeyman Linemen. The CBA specifically states that "upon

successful completion of the program, Company agrees that the Apprentice shall be retained as a Journeyman, and receive the salary therefor. Further, as stated above, Article 15 Section 6 of the Collective Bargaining Agreement states that "in the event a permanent Head Journeyman is demoted and replaced at the Company's discretion, he will retain the rate he was receiving as Head Journeyman for a period of time equal to one (1) month for each full year of his service as a Head Journeyman up to a maximum of twelve (12) months of rate retention."

14. The grievance was heard before an Arbitrator during a hearing conducted on February 14, 2004, followed by the parties' submission of post-hearing briefs.

## The Arbitrator's Ruling

15. On November 13, 2004, the Arbitrator issued a written award (the "Award") which denied the Grievance.

16. Although Mr. Peavy had completed the Apprenticeship Program and had been demoted from his Head Lineman position, the Arbitrator Award denied Grievant both his contractually guaranteed longevity pay as well as the retention of his journeyman pay as guaranteed by Article 6, Section 2.

17. In doing so, the Arbitrator Exceeded His Authority because his decision is contrary to the express language of the Collective Bargaining Agreement.

18. As such, said ruling is inconsistent with the arbitrators duty in this matter as well as the Company's legal and contractual obligations.

19. WHEREFORE, Plaintiff requests the Court enter a judgment vacating, setting aside, and

declaring null and void those portions of the arbitrator's decision which denied Grievant both his contractually guaranteed longevity pay as well as the retention of his journeyman pay as guaranteed by Article 6, Section 2, and that the Court grant Plaintiff its attorneys' fees and costs, and award such other and further relief as the Court deems appropriate.

Respectfully submitted,

WILLIAMS  BAILEY LAW FIRM, L.L.P.

_____
BYRON BUCHANAN
8441 Gulf Freeway, Ste. 600
Houston, Texas 77017
713.230.2317
713.643/6226 - facsimile

**ATTORNEYS FOR PLAINTIFF,**
**International Brotherhood of Electrical**
**Workers Local No. 66**

Of Counsel:

WILLIAMS  BAILEY LAW FIRM, L.L.P.

Jim Hart
8441 Gulf Freeway, Suite 600
Houston, TX 77017
713.230.2317 - phone
713.643.6226 - facsimile

JS 44 (Rev. 11/04) **CIVIL COVER SHEET**

H-05 2411

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.
**(a) PLAINTIFFS**
International Brotherhood of Electrical Workers Local Union No. 66

**DEFENDANTS**
CenterPoint Energy Houston Electric, LLC (Reliant Energy HL&P)

**(b)** County of Residence of First Listed Plaintiff  Harris
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Harris
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Byron Buchanan/Jim Hart 713.230.2317
Williams Bailey Law Firm LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017

Attorneys (If Known)

United States Courts
Southern District of Texas
FILED
JUL 12 2005
Michael N. Milby, Clerk of Court

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Complaint to Vacate Arbitrator's Decision
Brief description of cause:
"

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 6-12-05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____